IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DUNN, | Case No.: C 14-0934 JSC (PR) |
|     Petitioner, | **ORDER TO SHOW CAUSE; DENYING MOTION FOR RECONSIDERATION; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| GARY SWARTHOUT, | |
|     Respondent. | (Dkt. 2, 9) |

Petitioner, a prisoner of the State of California currently incarcerated at San Quentin State Prison and proceeding pro se, filed a petition for a writ of habeas corpus challenging a disciplinary report issued by officials at his prior prison, California State Prison -- Solano.[1] He originally filed this case in the Eastern District of California, but it was transferred to this Court. He has applied for leave to proceed in forma pauperis.

**BACKGROUND**

In 2012, Petitioner was incarcerated at California State Prison -- Solano, where, following a disciplinary hearing, prison officials issued a "Rules Violation Report" ("RVR") finding Petitioner guilty of instigating a riot. He was assessed a loss of 90 days of time

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 11.)

credits. Petitioner also alleges that this disciplinary finding led to his being denied parole. He challenged the discipline in habeas petitions to the Solano County Superior Court, the California Court of Appeal, and the California Supreme Court. All three petitions were denied.

## DISCUSSION

I. <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II. <u>Legal Claims</u>

As grounds for federal habeas relief, Petitioner claims that his right to due process was violated because: (1) he was not allowed to call witnesses at the disciplinary hearing; (2) an investigating prison official failed to assist him in calling witnesses; (3) there was no evidence of his guilt and the hearing officer was biased against him; and (4) he was denied a staff member to assist him. When liberally construed, these claims are sufficient to warrant a response from Respondent. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 556-70 (1974).

III. <u>Motion for Reconsideration</u>

Petitioner has filed a motion to reconsider the transfer of this case from the Eastern District of California to this Court. He argues it should be transferred back to the Eastern District because the disciplinary proceedings took place at CSP Solano, which lies within the venue of the Eastern District. When, as here, a federal habeas petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum. *See* Habeas L.R. 2254-3(b)(2); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Here, the petition challenges disciplinary

1  findings that resulted in Petitioner's loss of time credits and were allegedly used to deny him
2  parole.  As such, the petition challenges the execution of his sentence.  As Petitioner is
3  confined at San Quentin State Prison, which lies within the venue of the Northern District of
4  California, this Court is the preferable forum.  Accordingly, his motion for reconsideration is
5  DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall complete and file the Magistrate Judge jurisdiction consent form within **ninety-one (91) days** of the date this Order is issued.  If Respondent consents to a Magistrate Judge's jurisdiction, then Respondent shall file with the Court and serve on Petitioner, within **ninety-one(91) days** of the date this Order is issued, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the prison disciplinary proceedings that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent within **twenty-eight (28) days** of the date the answer is filed.

3. Respondent may, within **ninety-one (91) days** of the date this Order is issued, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

3

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The motion for leave to proceed in forma pauperis (dkt. 2) is GRANTED. The motion for reconsideration (dkt. 9) is DENIED.

**IT IS SO ORDERED.**

Dated: March 25, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE