UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN DUNN,

    Petitioner,

  v.

RON DAVIS, Acting Warden,[1]

    Respondent.

Case No. 14-cv-00934-YGR (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner, a state prisoner currently incarcerated at San Quentin State Prison, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of disciplinary proceedings against him. The Court issued an order to show cause on March 25, 2014.

Before the Court is Respondent's motion to dismiss the instant petition on the grounds that that the claim does not state a cognizable basis for federal habeas relief. Specifically, Respondent argues that habeas corpus is not the proper remedy for Petitioner's claim because he has not shown that success in this action will necessarily accelerate his release from prison. Petitioner has filed an opposition to the motion, and Respondent has filed a reply.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss the petition.

## BACKGROUND

In 1993, Petitioner was sentenced to an indeterminate sentence of fifteen years to life with the possibility of parole. Dkt. 17, Ex. 1. His minimum eligible parole date ("MEPD") was in 2006. Dkt. 17, Exs. 2, 3. In this petition, Petitioner challenges a prison disciplinary hearing at

---

[1] Ron Davis, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1  California State Prison - Solano in 2012 which resulted in a guilty finding for participating in a
2  riot. Dkt. 1, Ex. A. Petitioner was assessed 90 days of credit loss. *Id.*
3        Petitioner filed the instant federal habeas petition on February 3, 2014. Dkt. 1. Petitioner
4  contends that his due process rights were violated during the disciplinary hearing because: he was
5  denied witnesses; he was denied adequate assistance by an investigative employee; there was no
6  evidence of his guilt; he was denied a staff assistant; and the hearing officer was biased. *Id.*

## DISCUSSION

Respondent argues that the petition must be dismissed as Petitioner's due process claim does not properly invoke federal habeas corpus jurisdiction. Respondent asserts that Petitioner's claim does not establish habeas jurisdiction because a successful challenge will not result in Petitioner's release or otherwise shorten his confinement. In opposition, Petitioner argues that habeas jurisdiction is proper because the disciplinary finding could add to the length of his confinement. Specifically, Petitioner argues such information will be included in his central file and may stigmatize him before the parole board and, in essence, affect whether he is found suitable for parole at future parole hearings.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, *as amended*, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under [section] 1983." *Id.*

The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). A claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition. *See id.*

1    Traditionally, challenges to prison conditions have been cognizable only through a section
2    1983 complaint, while challenges implicating the fact or duration of confinement must be brought
3    through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004). The two
4    remedies are not always mutually exclusive, however. *Id.* at 1031.

5    In *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Court held that prisoners' parole
6    claims seeking a new parole hearing were cognizable under section 1983 because the relief sought
7    would not necessarily "invalidate the duration of their confinement—either directly through an
8    injunction compelling speedier release or indirectly through a judicial determination that
9    necessarily implies the unlawfulness of the State's custody." *Id.* at 79 (finding that where an
10   inmate challenges the constitutional validity of the state parole eligibility, but seeks injunctive
11   relief in the form of an earlier eligibility review or parole hearing rather than earlier release, the
12   claim is cognizable under section 1983); *see also Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir.
13   1997) (if prisoner wins and is entitled to parole eligibility hearing, this does not guarantee parole
14   or necessarily shorten his prison sentence).

15   But this does not necessarily mean that such a claim may not be brought in habeas as well:
16   "[W]hen prison inmates seek only equitable relief in challenging aspects of their parole review
17   that, so long as they prevail, could potentially affect the duration of their confinement, such relief
18   is available under the federal habeas statute." *Docken*, 393 F.3d at 1028. Habeas and section
19   1983 are not mutually exclusive in such a case. *Id.* at 1031.

20   The Supreme Court has declined to address whether a challenge to a condition of
21   confinement may be brought under habeas. *See Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979);
22   *Fierro v. Gomez*, 77 F.3d 301, 304 n.2 (9th Cir.), *vacated on other grounds*, 519 U.S. 918 (1996).
23   However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a [section] 1983 action
24   proper, where a successful challenge to a prison condition will not necessarily shorten the
25   prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

26   Here, Respondent argues that a successful challenge to the disciplinary finding would not
27   affect the fact or length of Petitioner's incarceration. This Court agrees. Habeas is not the proper
28   avenue of relief for Petitioner's claim. Petitioner is serving an indeterminate life sentence and his

3

1   MEPD has passed. In this situation, losing time credits would not push back Petitioner's release
2   date or the date of his parole eligibility. If Petitioner were serving a determinate sentence, his
3   claim would be cognizable in habeas because the loss of credits would have pushed back his
4   release date, and success on his claim would necessarily shorten his time in custody. Or, if
5   Petitioner had not yet reached his MEPD, such a claim might be cognizable in habeas because loss
6   of time credits would push back the first date he would be eligible for parole and possibly obtain a
7   release date. Therefore, success on his claim would not "necessarily shorten" his sentence, *see id.*,
8   and habeas jurisdiction is absent.

As mentioned above, Petitioner argues only that there is a *possibility* that such a challenge may affect the length of his incarceration because he anticipates that it will lead to a denial of parole. He also specifically argues that, after being advised to do so by his counsel, he was forced to stipulate to unsuitability for parole prior to his scheduled parole suitability hearing in January 2013. Dkt. 19 at 6, Ex. 1. It seems that he is arguing that the disciplinary finding implicated the duration of his custody because it could have been used as a basis for denying him parole, and thus he had "no other choice" but to "stipulate to a three year denial" prior to the 2013 hearing. *Id.* However, in California, there is no state law requiring that parole be denied because of a disciplinary violation. *See* Cal. Code Regs. tit. 15, § 2402(b)-(c). Misconduct in prison is one of *many* factors that determines parole suitability. *Id.* The California Code of Regulations sets out the factors showing suitability or unsuitability for parole that the parole authority is required to consider. *See* Cal. Code Regs. tit. 15, § 2402(b). These include "[a]ll relevant, reliable information available," such as:

> the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

*Id.* Petitioner's claim that the 2012 disciplinary violation could have affected the length or

duration of his confinement because it would have led to his parole denial in 2013 is conclusory and even speculative. Even if this Court were to vacate Petitioner's disciplinary violation, he might still have been denied parole on the other grounds listed above,[2] and therefore success on his claim would not "necessarily shorten" his sentence. *See Ramirez*, 334 F.3d at 859.; *see also Sandin v. Conner*, 515 U.S. 472, 487 (1995) (finding that the possibility of a denial of parole on the basis of disciplinary findings is too speculative where there are a host of other factors that inform a parole determination). Moreover, at any future parole suitability hearing, Petitioner should be provided an opportunity to be heard and, if he is denied parole, a statement of reasons for the denial. *See* Cal. Penal Code § 3041.5(a)(2). If Petitioner receives adequate process at his future parole suitability hearings, then any alleged due process claim stemming from such a denial would not be cognizable on federal habeas review. *See Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (a prisoner subject to California's parole statute receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied).

Accordingly, Petitioner's challenge is properly brought under section 1983, rather than in habeas. *Ramirez*, 334 F.3d at 859. Therefore, Respondent's motion to dismiss is GRANTED, and the petition is DISMISSED for lack of jurisdiction. This dismissal is without prejudice to bringing his due process claim in a civil rights action.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Respondent's motion to dismiss the petition (Dkt. 17). Petitioner's due process claim is DISMISSED because it is not appropriate for federal habeas corpus review. This dismissal is without prejudice to bringing his due process claim in a section 1983 action.

Further, a certificate of appealability is DENIED. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

---

[2] Because Petitioner claims to have stipulated to unsuitability of parole in 2013, there is nothing in the record showing that a parole suitability hearing was held in 2013 or that a decision listing reasons for finding parole unsuitability was issued.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk of the Court shall terminate all pending motions, enter judgment and close the file.

The Clerk shall also send Petitioner a blank civil rights complaint form with his copy of this Order.

This Order terminates Docket No. 17.

IT IS SO ORDERED.

Dated: January 14, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge